IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | SA-12-CR-899(1)-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| CARLOS RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL

Before the Court is a Motion to Withdraw as Counsel ("Motion") filed by Jeff Mulliner and Kristin L. Mulliner (collectively, "Movants"), the attorneys of record for Defendant Carlos Ruiz ("Defendant"). (Dkt. # 135.) For the reasons outlined herein, the Court **DENIES WITHOUT PREJUDICE** Movants' Motion.

## BACKGROUND

On October 3, 2012, Defendant was named in a one-count indictment charging Defendant with conspiracy to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), 846.  (Dkt. # 19.)   On May 30, 2013, Defendant pled guilty to the indictment pursuant to a plea agreement.  (See Dkt. # 82.)

This Court sentenced Defendant on October 28, 2013.  (See Dkt. # 123.)  At sentencing, the Court found that the obstruction-of-justice enhancement did not apply in this case and therefore removed the two-level adjustment to bring the total offense level from level 39 to level 37.  (See id.)  The Court then further departed below the advisory guideline range by finding that Defendant provided substantial assistance to the Government.  (See id.)  As a result, the Court sentenced Defendant to a prison term of one hundred and eighty (180) months with credit for time served while in custody, to a period of five (5) years of supervised release, and a special assessment of $100.  (Dkt. # 130.)  After Defendant received his sentence from the Court, he filed a pro se Notice of Appeal.  (Dkt. # 132.)

## DISCUSSION

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."  In re Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989).  The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal.  See Fed. Trade Comm'n v. Intellipay, Inc., 828 F. Supp. 33, 34 (S.D. Tex. 1993).  The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court.  Wynn, 889 F.2d at 646 (citation omitted).

A court's determination whether an attorney has good cause to withdraw from a representation depends upon the facts and circumstances of each case. Augustson v. Linea Aerea Nacional-Chile S.A. (LAN–Chile), 76 F.3d 658, 663 (5th Cir. 1996). "[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors," including whether withdrawal would cause "undue delay in the proceedings" or "prejudice to the client," and whether withdrawal is in "the interests of justice." Dorsey v. Portfolio Equities, Inc., Civil Action No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008).

Movants argue that good cause exists for withdrawal because Defendant has filed a pro se Notice of Appeal and Movants were only retained to represent Defendant in trial court proceedings. (Dkt. # 135 ¶ 1.) According to Movants, "no appellate work was contemplated in the retainer agreement." (Id.)

Because "[t]he attorney-client relationship is contractual in nature," Cherokee Nat. of Okla. v. United States, 42 Fed. Cl. 15, 17 (1998), and Defendant's pro se appeal is outside the scope of the agreed-upon representation, the Court finds that good cause exists warranting withdrawal. See Moyer v. Tilton, CIV S-03-1350, 2011 WL 590602, at *2 (E.D. Cal. Feb. 10, 2011) (granting a motion to withdraw because the agreed-upon scope of services did not contemplate a "motion to reopen the case").

In addition to satisfying the "good cause" requirement for withdrawal, Movants have likewise afforded Defendant reasonable notice of their attempt to withdraw from representation. See Wynn, 889 F.2d at 646. Movants averred that "[a] copy of this motion has been delivered in person to Carlos Ruiz, on November 18, 2013, in order to afford him an opportunity to reject to this motion." (Dkt. # 135 ¶ 5.)

However, Movants have not complied with Local Rule AT-3, governing attorney withdrawal. Local Rule AT-3 provides:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and <u>must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence</u>.

W.D. Tex. Att'y R. 3 (emphasis added). Movants did not obtain Defendant's signature, and they have not provided a detailed explanation of why his signature could not have been obtained. Although Movants aver that "[a] copy of this motion has been delivered in person to Carlos Ruiz, on November 18, 2013, in order to afford him an opportunity to reject to this motion," this is insufficient. In order to properly withdraw as counsel, Movants must obtain Defendant's signature or a detailed explanation why Defendant's signature could not be obtained after due diligence. Because Movants' Motion to Withdraw as Counsel is deficient in these

4

respects, Local Rule AT-3 requires that Movants' Motion be denied. See Kinsley v. Lakeview Reg'l Med. Ctr. LLC, 570 F.3d 586, 589 (5th Cir. 2009) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").

CONCLUSION

For the foregoing reasons, Movants' Motion to Withdraw as Counsel (Dkt. # 135) is **DENIED WITHOUT PREJUDICE** to filing a new motion that complies with Local Rule AT-3.

**IT IS SO ORDERED.**

**Dated**: San Antonio, Texas, December 4, 2013.

David Alan Ezra
Senior United States Distict Judge